IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00089-GPG

JONATHAN LANE WOODSTOCK,

    Plaintiff,

v.

RICK RAEMISCH,
BRANDON SHAFFER,
LINDA LUCERO-CANNON,
JOHN DOE,
CDOC SOTMP SUPERVISOR, and
JANE DOE,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jonathan Lane Woodstock, is in the custody of the Colorado Department of Corrections at the San Carlos Correctional Facility (SCCF) in Pueblo, Colorado. Mr. Woodstock has filed *pro se* a Prisoner Complaint asserting a violation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*.

The Court must construe the Complaint liberally because Mr. Woodstock is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Woodstock will be ordered to file an amended complaint.

In the Prisoner Complaint, Mr. Woodstock alleges that when he was released on

parole in 2013, his parole officer told him that he had been classified by the CDOC as a sexually violent predator (SVP) in 2009. Plaintiff states that he was not provided notice or an opportunity to be heard regarding the SVP classification, in accordance with CDOC administrative regulations. When Mr. Woodstock was reincarcerated in 2014, he wrote letters to Defendants Raemisch, Shaffer and the CDOC SOTMP Supervisor, attempting to challenge his SVP classification as "incorrect," and for failure to comply with the relevant CDOC administrative regulations, but was told by Defendant Shaffer in a written response that "[y]ou may not appeal an SVP designation, nor can you grieve an SVP designation." (ECF No. 1, at 11). Plaintiff asserts that Defendant John Doe, the SOTMP provider at SCCF, and Defendant Lucero-Cannon, Plaintiff's case manager, violated his Fourteenth Amendment due process rights in failing to comply with the CDOC administrative regulations concerning his classification as a SVP. Mr. Woodstock further asserts that Defendants Raemisch, Shaffer and the CDOC SOTMP Supervisor have violated his due process rights because: Defendant Raemisch is responsible for setting and implementing prison policy; Defendant Shaffer "is responsible for setting policy on how SVP hearings are conducted" (*id.* at 12); and, Defendants Shaffer and CDOC SOTMP Supervisor are responsible for promulgating the administrative regulations concerning SVP classification, "and training staff to follow that AR" (*id.*). Plaintiff requests that the Court order Defendants to review and/or remove his SVP classification. He also seeks monetary relief.

  The Complaint is deficient because Mr. Woodstock fails to allege facts to show that each named Defendant was personally involved in the alleged deprivation of his constitutional rights. Personal participation is an essential element in a civil rights

action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010).  A supervisor can only be held liable for his own deliberate intentional acts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Plaintiff's allegations that Defendants Raemisch, Shaffer and the CDOC SOTMP Supervisor promulgated prison regulations, and, specifically, the regulations concerning SVP classification procedures, are not sufficient to demonstrate that the Defendants were personally involved in the alleged deprivation of Plaintiff's due process rights concerning his SVP classification.  Instead, Plaintiff seeks to hold Defendants Raemisch, Shaffer and the CDOC SOTMP Supervisor liable based on their supervisory status, which is improper under § 1983.

In addition, Defendants Raemisch, Shaffer or the CDOC SOTMP Supervisor cannot be held liable under § 1983 on the basis that they denied Plaintiff's grievances

or ignored his letters complaining about his SVP classification.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher*, 587 F.3d at 1069; *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Further, Plaintiff does not make any factual allegations against Jane Doe in the body of the Complaint that would tend to show the Defendant's personal involvement in the alleged constitutional deprivations.  Mr. Woodstock may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Plaintiff uses fictitious names he must provide sufficient information about the defendant so that the defendant can be identified for purposes of service.

And, finally, to state an arguable due process claim, Mr. Woodstock must allege facts to show that he was deprived of a constitutionally-protected liberty interest.  *See Chambers v. Colorado Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000); *Gwinn v. Awmiller*, 354 F.3d 1211, 1217-24 (10th Cir. 2004).  Accordingly, it is

ORDERED that Plaintiff, Jonathan Lane Woodstock, file **within thirty (30) days**

**from the date of this order,** an Amended Complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Complaint within the time allowed, the Court will review the allegations of the original Complaint, which may result in the dismissal of all or part of this action without further notice.

DATED February 10, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

United States Magistrate Judge