IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00089-GPG

JONATHAN LANE WOODSTOCK,

    Plaintiff,

v.

RICK RAEMISCH,
BRANDON SHAFFER,
LINDA LUCERO-CANNON,
JOHN DOE,
CDOC SOTMP SUPERVISOR, and
JANE DOE,

    Defendants.

## ORDER OVERRULING OBJECTION

    Plaintiff, Jonathan Lane Woodstock, is in the custody of the Colorado Department of Corrections at the San Carlos Correctional Facility, in Pueblo, Colorado. Mr. Woodstock has filed *pro se* a Prisoner Complaint asserting a violation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. On February 20, 2015, Plaintiff filed an "Objection to Magistrate's Order" (ECF No. 7), in which he objects to the February 10, 2015 Order Directing Plaintiff to File an Amended Complaint (ECF No. 6).

    On February 10, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Woodstock to file, within 30 days, an amended Prisoner Complaint on the court-approved form, that alleged sufficient facts to show the personal participation of each named Defendant in a deprivation of Plaintiff's constitutional rights. (*Id.*). The February

10 Order warned Mr. Woodstock that if he failed to file an amended Prisoner Complaint as directed within the time allowed, some or all of this action may be dismissed without further notice.

In his Objection to the February 10 Order, Plaintiff asserts that the facts alleged in the original Complaint are sufficient to meet the personal participation requirement for § 1983 liability and to show arguable constitutional deprivations by the Defendants. (ECF No. 7). He further argues that Magistrate Judge Gallagher is improperly acting as an advocate, serving the role of the Defendants, by pointing out the deficiencies in his pleading. (*Id.*).

The Court must construe liberally the February 20 Objection to the February 10 Order because Mr. Woodstock is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the objection will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that Magistrate Judge Gallagher's February 10 order is not clearly erroneous or contrary to law.

Mr. Woodstock has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to the local rules of this court and federal statute, the Court must dismiss any asserted claims that are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); D.C.COLO.L.CivR 8.1(b). A legally frivolous claim is one in which the plaintiff asserts

the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Accordingly, Magistrate Judge Gallagher has properly reviewed the Prisoner Complaint to determine whether it is frivolous, and has afforded Mr. Woodstock an opportunity to amend his pleading. If Plaintiff has additional factual allegations to support his claims for relief, he should assert them in the amended complaint. The Objection will be overruled. Accordingly, it is

ORDERED that "Objection to Magistrate's Order" (ECF No. 7), filed by Mr. Woodstock on February 20, 2015, which the Court has construed liberally as an objection pursuant to 28 U.S.C. § 636(b)(1)(A), is OVERRULED. It is

FURTHER ORDERED that Mr. Woodstock shall have **thirty (30) days from the date of this Order** in which to file an amended complaint in compliance with the February 10, 2015 Order. Plaintiff is reminded that failure to file an amended complaint within the time allowed may result in dismissal of some or all of this action without further notice.

DATED February 23, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court