**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 15-cv-00089-REB-KMT

JONATHAN LANE-WOODSTOCK,

      Plaintiff,

v.

LINDA LUCERO-CANNON, and
JOHN DOE,

      Defendants.

---

## ORDER

---

**Blackburn, J.**

      This matter is before the court on plaintiff's **Request To Dismiss Without Prejudice** [#41],[1] filed August 12, 2015, which I construe as a motion to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(1).  So construed, I grant the motion.

      Rule 41(a)(1) provides that, subject to conditions not applicable here, "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  **FED. R. CIV. P.** 41(a)(1)(A)(i).  Unless specifically indicated by plaintiff or stipulated by all parties, the dismissal is without prejudice.  **FED. R. CIV. P.** 41(a)(1)(B).

---

      [1]  "[#41]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

Although defendant has filed a motion to dismiss (*see* **Defendant Linda Lucero-Cannon's Motion To Dismiss** [#33], filed July 14, 2015), the law in this circuit is clear that the filing of a motion under Rule 12 does not extinguish a plaintiff's right to voluntarily dismiss without prejudice. *See De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011); *Bunner v. Koch*, 2009 WL 798539 at *1 (D. Colo. March 24, 2009). Indeed, plaintiff effectively may dismiss his claims without requesting the intervention of the court; mere notice of his intent voluntarily to dismiss would become effective immediately on filing. *See* 9 C. Wright, A. Miller, M. Kane, R. Marcus, and A. Steinman, **Federal Practice & Procedure** § 2363 (3rd ed.); *Janssen v. Harris*, 321 F.3d 998, 1000-01 (10th Cir. 2003); *Bunner*, 2009 WL 798539 at *1.[2]

Accordingly, and to the extent necessary, the court grants plaintiff's request to voluntarily dismiss this action without prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1.  That plaintiff's **Request To Dismiss Without Prejudice** [#41], filed August 12, 2015, construed as a motion, that this case is granted;

---

[2] . Indeed, the filing of the notice effectively divested the court of jurisdiction:

> The [filing of a Rule 41(a)(1)(i) notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.

*Janssen*, 321 F.3d at 1000 (citation and internal quotation marks omitted; alteration in *Janssen*).

2

2.  That all currently pending motions, including but not limited to (a) plaintiff's **Request To File Amended Complaint** [#18], filed April 16, 2015; and (b) **Defendant Linda Lucero-Cannon's Motion To Dismiss** [#33], filed July 14, 2015, are denied as moot; and

3.  That this action is dismissed without prejudice.

Dated August 12, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge